ESTATE OF FIRPO *v.* ESTATE OF PINO ET AL.

APPEAL from the District Court of Aguadilla.

No. 145.—Decided February 17, 1908.

MORTGAGE—MORTGAGE ACTION—PRESCRIPTION.—Article 134 of the Mortgage Law is not applicable to a mortgage action originating in a mortgage constituted prior to the year 1880, the prescription of which must be governed by the former laws in force, notwithstanding the provisions of section 1939 of the Spanish Civil Code.

ID.—TERM OF PRESCRIPTION.—The term of prescription for a mortgage proceeding arising from a contract executed prior to the year 1880, when the Mortgage Law went into effect, is 30 years.

ID.—SUMMARY PROCEEDING—NET SUM.—Debt extinguished for the purposes of the institution of a summary proceeding for the recovery of a mortgage, the specification of a certain class of money in circulation at the time the contract was executed constitutes a specification of a net amount.

ID.—INTEREST.—Where a mortgage is involved which was constituted prior to the promulgation of the Mortgage Law, the provisions of that law with respect to interest are not applicable, but the provisions of the laws in force prior thereto must govern, and in accordance with which the mortgage secures the payment of the interest agreed upon, and not specified, and in the absence of any agreement as to interest, legal interest will be computed from the date the complaint is filed.

ID.—TRANSFER OF ENTRIES TO THE MODERN BOOKS OF THE REGISTRY—THIRD PARTY.—The transfer of the entries from the old to the modern books of the registry does not affect the rights of the parties as between themselves and such a transfer may be made after the time designated in article 397 of the Mortgage Law, provided the rights of third parties are not thereby impaired.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

It appears from the record in this case that by a public deed numbered 137 executed in the city of Aguadilla on the 16th day of August, 1875, before the notary Don Juan Arroyo y Budia, inscribed in the ancient *Anotaduría de Hipotecas* now superseded and from there transferred to the modern books of the register of property, Don Francisco Antonio Pino and Da. Cristina Corchado, acknowledged and confessed that they owed to the firm of Koppisch, Firpo & Co., then engaged in the trade in that city, the sum of 6,910 *pesos* and 95 cents, according to the calculation which runs up to the 13th of June, 1877, the whole arising from amounts which the creditor firm supplied said debtors for the cultivation of a sugar and coffee plantation named "Ranchera" which they possessed in the ward of Arenales Altos, in the municipality of Isabela, and said debtors bound themselves to pay the aforementioned amount in two instalments, one of 3,202 *pesos* and 75 cents, on June 30, 1876, and the other of 3,708 *pesos* and 20 *centavos* on June 30, 1877. This property composed of 550 *cuerdas* was mortgaged by debtors of said firm to secure the debt. Of this property some 330 *cuerdas* came into the possession of Da. Antonio and Da. María Pino y Corchado, the respondent in this case. The creditor firm was

subsequently dissolved and by alienation and descent the credits came into the possession of the appellants in this case. The debtors applied on account of the debt the sum of 1,177 *pesos,* leaving the same reduced to the sum of 5,733, which is the amount which was claimed in the petition, and which was payable in gold and silver, Spanish money. A summary proceeding under the mortgage was begun before the District Court of Aguadilla, and the court denied the adjudication and sale and the grounds of the refusal were as follows:

"1st. Because it is sought to foreclose a mortgage executed on the 16th day of August, 1875, to be paid in two instalments, one of $3,202.75 on June 30, 1876, and for $3,708 on the same day and month of the following year, and even considering applicable the doctrine that the mortgage real action prescribes within 30 years, it may not be said that the debt is 'exigible' or 'subsistent,' especially the instalment of June 30, 1876.

"2d. Because the mortgage action by section 142 of the old Mortgage Law promulgated in Porto Rico in 1880, a section which corresponds to 134 to the existing law prescribes in 20 years so far as the same may be exercised with respect to a title inscribed and as the mortgage law began in May, 1880, it is evident that a greater period than 20 years has elapsed.

"3d. Because if the 63d law of Toro be invoked which required the lapse of 30 years, that law cannot be applied to the special proceeding for the recovery of a credit. This is the opinion held by Galindo de Vera y Escozura in the fourth volume of the old edition of 1884, published by Felipe V, Madrid, in their commentaries on the Mortgage Legislation of Spain and Ultramar, where on page 231 they write:

"Likewise the executive action to claim the payment of the principal and interest lasts for the 30 years which have been assigned for the time when the mortgage should be considered as prescribed. To our way of thinking, this precept has not modified or reformed Law V, Title VIII, Book XI of the *Novísima Recopilación,* which establishes that the right being the executory action for the personal obligation prescribes in 10 years.'

"4th. Because although No. 3 of article 175, paragraph 7, of the Modern Mortgage Law grants this proceeding to the creditors it is

clear that it arises only in the case when the title united all the conditions required in the article 128 of the law and 168 and 169 of the rules, and I understand that the title presented does not unite the required conditions to authorize the writ of execution, be it that the subsistence and exigibility of all the credit cannot be accepted, be it also on account of other defects that may not pass unnoticed.

"5th. Because the law for the recovery of a mortgage credit by way of a summary proceeding not only required the maturity of the instalment, but also its reduction to a liquidated sum and this reduction is not apparent after the distinct changes of money we have had and when the Firpo Succession maintains the payment of the credit by substituting American moncy for Spanish without regard to the contract executed.

6th. Because the transfer from the old books to the modern registry of property has been made after the time prescribed by article 317 of the Mortgage Law and now it is sought to prejudice a tenant who has his title inscribed in the registry of property and in the petition the Firpo Succession does not ask that with such transfer should be understood the order of payment is required by the Mortgage Law.

"7th. Because it is sought to recover legal interest and costs and neither one nor the other may be required by the summary proceeding unless secured by the mortgage."

From this decision denying the adjudication and sale an appeal was taken to this court.

The principal question involved in the first three grounds of the judgment is whether the mortgage proceeding has prescribed. In the mortgage instrument the following appears:

"Said plantation, together with everything situated thereon as hereinbefore set forth, which is not encumbered by any other lien whatsoever, according to the certificate of mortgages presented to me, and which I attach to the papers of this protocol under No. 75, is hereby expressly and especially encumbered to secure the debt, and the creidtors are given ample power and authority to proceed legally against such property to recover the principal and costs, etc., if, after the expiration of the period for which the mortgage is constituted the mortgagors shall have failed to pay the 6,900.95 *pesos.*"

We are of the opinion that the language used indicates that the parties, although the debts fell due at different times, did not intend that any mortgage action or proceeding should be begun until the whole amount secured was due; in other words, until the time for the payment of the second instalment had passed. The date of this second instalment was June 30, 1877. The present mortgage proceeding was commenced on the 9th of March, 1907. As the mortgage proceeding could not have been begun before the 30th of June, 1877, the period of prescription did not commence to run before that date and 30 years had not elapsed when the proceeding was begun. Therefore the action has not prescribed if 30 years is the period of prescription.

We come now to a consideration of article 134 of the Mortgage Law. Some question has arisen in our minds whether as that law was promulgated in the year 1880 the whole period of prescription has not run since then despite the provisions of the old Civil Code in section 1939. The doubt is based on the fact that the Mortgage Law is prior to the Civil Code itself. On the other hand the mortgage was executed in 1875 and as the Mortgage Law did not make section 134 applicable to mortgages executed before 1880 we are constrained to hold that such article cannot be held to apply to the contract before us. We might rule otherwise if the section were supposed to apply solely to the summary proceeding under the Mortgage Law. But it applies to all mortgage actions, as does the similar section of the Civil Code promulgated in 1889. We must therefore hold that the action has not prescribed.

With respect to the fourth ground of the opinion of the court below we think that the papers presented to it were sufficiently complete to authorize the commencement of the mortgage proceeding.

With respect to the fifth ground it is evident that to name a certain kind of specie current at the date of the making of the mortgage is to name a liquidated sum. *Certum est quod certum reddi est.* Moreover, as alleged by the appellant the

court could take judicial notice of the money circulating at that period.

There was also a question raised by the court below because of the failure to transfer to the modern books of the registry of property. We do not see how the interests of a tenant are affected by this case, as suggested by the court below, and we are further of opinion that such transfer was rendered unnecessary as between parties by virtue of section 449 of the rules of the Mortgage Law and also that a transfer may be made after the time prescribed in the second paragraph of section 397 provided third person's rights are not affected.

For the reasons given the order of the district court must be reversed.

*Reversed.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice MacLeary dissented.